1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE GUNTER, | Case No.  1:12-cv-01590-AWI-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE |
| v. | |
| NORTH AMERICAN COLLECTORS, INC., | OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |
| Defendant. | |

On April 29, 2013, the Court ordered Plaintiff Carrie Gunter ("Plaintiff") to show cause why this action should not be dismissed for Plaintiff's failure to prosecute and failure to comply with a court order.  (ECF No. 12.)  Plaintiff did not respond to the Court's order to show cause and has not otherwise filed anything in this action for nearly three months.

On February 27, 2013, Plaintiff filed a notice of settlement informing the Court that this case had been settled and that the settlement should be finalized within forty (40) days.  (ECF No. 9.)  On April 9, 2013, after forty (40) days passed and the Court did not hear from Plaintiff, the Court ordered Plaintiff to file dispositive documents necessary to dismiss this case within fourteen (14) days.  (ECF No. 11.)  Plaintiff did not respond to the Court's April 9, 2013 order and the April 29, 2013 order to show cause was issued.

/ / /

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)).

The public's interest in expeditious resolution of litigation always favors dismissal. Pagtalunan, 291 F.3d at 642. In this case, no activity has taken place since Plaintiff filed her notice of settlement on February 27, 2013.

The Court's need to manage its docket also favors dismissal. The Court's docket is overburdened and the Court already expended time issuing two orders in this case in response to Plaintiff's failure to file dispositive documents. Moreover, the Court continued a settlement conference originally scheduled to take place on January 8, 2013 when Plaintiff informed the Court that the parties hope to have this matter settled. Accordingly, this case has effectively been stayed and lingered on the Court's docket for four months due to Plaintiff's representations to the Court pertaining to settlement.

The risk of prejudice to the defendant is related to the plaintiff's reason for defaulting. Pagtalunan, 291 F.3d at 642. Here, Plaintiff failed to provide a reason for the delay, as Plaintiff failed to respond to the Court's order to show cause. Accordingly, the Court finds that Plaintiff's unreasonable and unexcused delay prejudiced the defendant. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (unreasonable delay creates presumption of prejudice).

The Court considered and attempted to utilize less drastic measures. After Plaintiff failed to respond to the Court's April 9 order, the Court issued an order to show cause expressly warning Plaintiff that the failure to respond to the order to show cause may result in dismissal. Since Plaintiff failed to respond to the Court's order to show cause, this factor weighs in favor of dismissal.

Public policy always favors disposition of cases on the merits. Thus, this factor weighs against dismissal. Pagtalunan, 291 F.3d at 643. However, it is worth noting that, in this case,

Plaintiff indicated that a settlement had been reached with defendant.  Therefore, this factor does not weigh as heavily against dismissal as it would under different circumstances because, by all indications, this case was going to be dismissed by Plaintiff pursuant to the settlement.

Four of the five factors weigh in favor of dismissal.  In this case, Plaintiff failed to prosecute this action and failed to respond to the Court's orders.  Given Plaintiff's failure to respond to the Court's orders, the Court has little choice but to dismiss this action or else have it linger indefinitely on the Court's docket.

Based upon the foregoing, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to prosecute and failure to obey the court's orders.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 14, 2013**

_____
UNITED STATES MAGISTRATE JUDGE